UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN ANTONIO SOLOMON**, <br><br> Plaintiff, <br><br> vs. <br><br> **MICHIGAN DEPARTMENT OF CORRECTIONS et al.**, <br><br> Defendants. | 2:19-CV-12354-TGB <br><br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff's "motion/declaration for a temporary restraining order and preliminary injunction and to appoint attorney." ECF No. 3.

Plaintiff is currently incarcerated at the Charles Egeler Reception and Guidance Center where he is serving a life sentence. His complaint alleges that he is wheel-chair bound and suffers from a number of serious health problems, including diabetes. He seeks the Court's immediate intervention in the form of a temporary restraining order or "TRO" because he alleges that correctional staff are denying him sufficient access to water, delaying the delivery and proper insertion of catheters, denying access to diabetic medications, and repeatedly providing him

1

with food to which he has a known allergy. *Id*. Plaintiff alleges that the "terminat[ion of] his diabetic medication" has resulted in "blurred vision" and "numbness" to his upper body. *Id*. at PageID.167. Plaintiff asks the Court to order prison officials to accommodate and respond immediately to these medical needs pending the litigation of his underlying complaint. ECF No. 1. Defendants have not yet been served with the underlying complaint, so they have not responded to Plaintiff's motion. *See* ECF Nos. 1, 3. In addition to filing his motion, Plaintiff has filed numerous supplemental declarations with the Court alleging that his access to water is still restricted and that correctional staff are delaying catheterization for periods of up to 24 hours. *See* ECF Nos. 4, 7-17. These subsequent declarations also raise new allegations that are not necessarily of an emergent nature, but also renew the more serious complaints that suggest an imminent possibility of harm.

The Court has carefully reviewed both Plaintiff's initial TRO motion and the 10 Declarations Plaintiff has filed with the Court between August 8, 2019 and September 11, 2019. These allegations by Plaintiff are serious, ongoing, and relate to conditions that, if true, suggest "immediate and irreparable" harm to Plaintiff. Specifically, to summarize the number of incidents set out in Plaintiff's declarations by counting the days that he claims certain deprivations have been occurring, he recounts the following: at least 9 days of catheter-related problems, at least 5 days of food allergy-reaction problems, at least 10

days without sufficient water, at least 4 days—possibly an entire month—when diabetic medication was not provided, and at least 2 days when he was denied food. *See generally* ECF Nos. 3, 7-17.

## I. Legal Standard

A federal court has discretion to issue a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. A person seeking such an order bears the burden of establishing that "immediate and irreparable injury, loss, or damage will result" in the absence of such an order. Fed. R. Civ. P. 65(b)(1). In determining whether to grant or deny such relief, federal courts balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by the preliminary injunction.

*Wilson v. Gordon*, 822 F.3d 934, 952 (6th Cir. 2016) (citing *City of Pontiac Retired Empl. Ass'n. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc)).

## II. Discussion

Plaintiff alleges that he is not receiving water, necessary diabetic medication or catheterization in a safe and timely manner, and that he

is being given foods to which he is allergic. ECF No.3. Plaintiff contends that these actions by Defendant effectively deprive him of life's necessities in violation of the Eighth Amendment. Since filing his original motion for a temporary restraining order, Plaintiff has filed multiple supplemental filings and declarations alleging that the conditions are imminent and ongoing; particularly that Plaintiff is not receiving water and cannot access the sink in his room to retrieve water on his own. ECF No. 10, PageID.238. These subsequent filings also allege that Plaintiff has been instructed to "self-catheterize" but has not been given adequate catheterization materials for over a 24-hour period. ECF No. 15, PageID.394. More recently, Plaintiff has complained that his catheter bag contains blood, and that his urine is "coffee colored." *Id.*; ECF No. 14, PageID.306.

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. For a prisoner to prevail on such a claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant acted with

"deliberate indifference to his health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (internal citations and quotations omitted).

Taking Plaintiff's allegations as true, the Court finds that Plaintiff has shown a substantial likelihood of success on the merits of an Eighth Amendment claim. Plaintiff's allegations that he is being deprived of "essential food [and] medical care" strikes at the heart of what the Eighth Amendment protects. *See Rhodes*, 452 U.S. at 348. Second, as Plaintiff notes in his motion, delayed and improperly placed catheters can lead to infection, particularly for wheelchair-bound individuals. *See* ECF No. 3, PageID.172-173. Moreover, allegations that Plaintiff is receiving as little as 10 ounces of water in a 24-hour period more than meets the "irreparable injury, loss or damage" requirement. *See* ECF No. 3, PageID.177; ECF No. 15, PageID.394 (noting that his urine is "coffee color[ed]" and contains a "foul odor"). And allegations that Plaintiff is being served foods for which he has a known and documented allergy likewise raises concern for the Court that Plaintiff could experience an allergic reaction absent the Court's intervention. Given his allegations, Plaintiff has shown that he will suffer irreparable harm absent an injunction. Thirdly, the Court is not aware of any substantial harm that the state would suffer from simply being required to provide essential food and medical care along the lines being requested by Plaintiff. Finally, the public interest is served in that the temporary restraining

order ensures that Michigan prisoners receive essential food and medical care.

Plaintiff raises several other claims in his motion and subsequent filings. For example, Plaintiff expresses concern that he is housed in a nonhandicapped-accessible room even though he uses a wheel chair, as well as concerns regarding inadequate physical therapy. Additionally, Plaintiff alleges that due to a lack of access to water in the sink in his room, he is unable to brush his teeth. Although these too are serious allegations, they do not pose the threat of "immediate and irreparable injury" that the previously described allegations do, and therefore they do not support the granting of a temporary restraining order. The Court, therefore, makes no decision as to the merits of Plaintiff's claims as set forth in his complaint regarding these and other allegations.

III. Conclusion

Considering that Plaintiff has set out allegations that meet the above-described factors, the Court **HEREBY ORDERS** the Michigan Department of Corrections **SHALL FORTHWITH** (i) provide Plaintiff with adequate access to water; (ii) provide Plaintiff with adequate, clean, and timely catheterization; (iii) provide adequate and timely diabetic medication as directed by a physician; and (iv) ensure that Plaintiff receives adequate meal service not containing food items to which the Plaintiff has a documented allergy. The Court **FURTHER ORDERS** the Michigan Department of Corrections to have Plaintiff evaluated by a

6

medical professional at the prison within seven (7) days of the date of entry of this Order to address Plaintiff's concerns that he is not receiving adequate treatment for diabetes.

In accordance with Federal Rule of Civil Procedure 65(b)(2), this Order will expire after fourteen (14) days from the date of entry of this Order. At that time, Plaintiff may move, upon showing of good cause, to extend the Order for a like period of time.

The United States Marshal is **ORDERED** to immediately serve Plaintiff's complaint, the motion for temporary restraining order, and a copy of this Order on Defendants. The Court notes that although service of the Complaint commences the formal litigation process, by so ordering the Court is not intending to deprive Plaintiff or Defendants of the opportunity to submit this case to the *Pro Se* Prisoner Early Mediation Program that is available in this district. The Court recognizes that the mediation process may be more helpful and efficient in resolving Plaintiff's case.

In the meantime, however, Defendants are **ORDERED** to notify the Court, in writing, by the expiration of this order as to whether a preliminary injunction hearing should be scheduled to address Plaintiff's immediate nutrition and medical needs, or whether sufficient actions have been taken to remediate Plaintiff's concerns so that a preliminary injunction is not necessary.

DATED September 16, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge