UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN ANTONIO SOLOMON**, <br><br> Plaintiff, <br><br> vs. <br><br> **MICHIGAN DEPARTMENT OF CORRECTIONS et al.**, <br><br> Defendants. | 2:19-CV-12354-TGB <br><br><br> **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL** |

I.

Michigan prisoner Martin Antonio Solomon ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"). The Court has granted him leave to proceed without prepayment of the filing fee for this action, despite his status as a three-striker under 28 U.S.C. § 1915(g), due to the serious nature of his allegations. The bulk of Plaintiff's complaint concerns his medical care and accommodations in prison, particularly his lack of access to a handicap-accessible room, proper and timely catheterization supplies and other medical equipment, drinking water, a handicap-accessible sink for water and hygiene needs, regular showers, a call button, diabetic medication, pain medication,

1

physical therapy, medical care after a fall, and proper medical testing for various ailments. Plaintiff also raises claims concerning his exposure to allergenic foods (particularly carrots) and the adequacy of his diet, alleged food tampering, alleged sexual harassment/assault by fellow prisoners and the failure to protect him and comply with the Prison Rape Elimination Act ("PREA"), an alleged physical assault by a corrections officer, discrimination based upon his disability, his placement in protective custody (arising from prisoner threats), verbal harassment, the falsification of medical reports, the denial/delay in obtaining copies of legal papers and medical records and his access to the courts, retaliation, attempted murder, and conspiracy.

Plaintiff names the Michigan Department of Corrections ("MDOC"), several corrections officers (Dillay, Martinez, Umbarger, and Crance, collectively "COs"), prison nurses/medical care providers (Sindel, Durham, Bradford, Stone, Russell, Wilson, Catherine, collectively "medical care providers"), a health unit inspector (Alexander), a state administrative manager (Griffes), a health unit manager (Poirer), a grievance coordinator (Hawkins), the warden (Bush), the deputy warden (Cargor), the assistant deputy warden (Malloy), and unidentified MDOC policy directors (Jane/John Does) as the defendants in this action and sues them in their individual and official capacities.[1] Plaintiff seeks

---

[1] Plaintiff also references additional MDOC employees that appear to be corrections officers (Cox, Keshia, Patton, McQueen, Summers, Ross, Schafer, and

declaratory relief, injunctive relief, and monetary damages. Having reviewed the complaint, the Court shall dismiss some of its claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

Brown) and nurses/medical care providers (Bioty, Barbour, Hitt, Flego, Wright, Holbrook, March, Allen, Bernstein, Howard, Koonter, Crisenberry, and a Jane Doe) in his complaint, but does not specifically list them as defendants nor provide addresses for them. The Court shall treat them as defendants for purposes of this decision.

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by

the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal in part.

## III.

First, Plaintiff's claims against certain defendants, including the MDOC, Russell, Catherine, Bioty, Flego, Koonster, Griffes, Bush, Cargor, Malloy, Poirer and Crisenberry, and MDOC directors, based upon their supervisory roles over other defendants must be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Thus, to the extent that Plaintiff alleges that the

5

afore-mentioned defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted. Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, to the extent that Plaintiff asserts that one or more of the defendants, including Sindel, Dunham, Bradford, Stone, Russell, Alexander, Griffes, Hawkins, Bush, Cargor, Malloy, Poirer, Bioty, Barbour, Hitt, Koonter, and Crisenberry, violated his constitutional rights by denying his grievances or complaints, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel

6

government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Third, Plaintiff appears to claim that certain defendants, namely Martinez, Bradford, Summers, Schafer, Brown, and Bush, failed to comply with the PREA in responding to his complaints of sexual harassment or assault by fellow inmates. The problem with this claim is that the PREA does not create a private cause of action for prisoners or other individuals. *See, e.g., Peterson v. Burris, et al.*, No. 14-CV-13000, 2016 WL 67528, *2 (E.D. Mich. Jan. 6, 2016) (citing cases and overruling objections to magistrate judge's report). Plaintiff thus fails to state a claim upon which relief may be granted as to this issue.

Fourth, to the extent that Plaintiff argues that several defendants, namely Martinez, Umbarger, Crance, Cox, Keshia, Patton, McQueen, Schafer, Alexander, Hawkins, and Malloy, made derogatory or threatening remarks about him, his disability, and his food, such alleged

7

verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). The Sixth Circuit has held that even more serious verbal threats by a corrections officer, including a threat to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Under these relevant authorities, therefore, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's claims against these defendants involving verbal harassment must therefore be dismissed.

Fifth, Plaintiff's allegations of food tampering and the destruction/falsification of his medical records must be dismissed because those claims are purely speculative and he fails to allege facts to support such claims. It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574,

8

588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff fails to state a claim upon which relief may be granted as to these issues.

Sixth, Plaintiff fails to state an access to the courts claim in his complaint. Plaintiff asserts that he has been denied copies of legal documents and medical records or that his access to such records has been delayed, and that his access to J-Pay and other resources has been limited due to his placement on blue card status and contends that such actions violate his right of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This can be established by showing that the deprivation

resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff makes no such showing. He does not identify court cases or their legal bases, nor does he show that the lack of access to materials or resources resulted in a late filing or the dismissal of a meritorious claim. He merely alleges, in conclusory fashion, that he has been prejudiced. Plaintiff thus fails to state a denial of access to the courts claim in his complaint.

Seventh, Plaintiff fails to state a conspiracy claim in his complaint. In his pleadings, he alleges that several defendants, particularly Dillay, Martinez, Umbarger, Crance, Bradford, Alexander, Hawkins, Bush, Cargor, and Malloy, engaged in a conspiracy against him. To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. In this case, Plaintiff's conspiracy claims are vague and conclusory without specific factual allegations. As noted, conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91, including a conspiracy

10

claim, *see Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff fails to state a conspiracy claim against any of the defendants in his complaint.

Eighth, to the extent that Plaintiff raises charges of attempted murder, accessory after the fact, obstruction of justice, or other criminal conduct in his complaint as a basis for relief, he fails to state a claim upon which relief may be granted. Such charges arise from criminal statutes which generally do not provide a private cause of action for citizens. *See, e.g., Cental Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *Young v. Overly*, No. 17-6242, 2018 WL 5311408, *2 (6th Cir. July 2, 2018) (federal law); *Lowell R. Fisher, DO v. WA Foote Mem. Hosp.*, 261 Mich. App. 727, 730, 683 N.W.2d 248 (2004) (state law). Plaintiff does not have standing to file a criminal complaint against the defendants. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *Id.* at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Plaintiff thus fails to state a claim upon which relief may be granted as to such charges.

Ninth, to the extent that Plaintiff alleges that any of the defendants have acted negligently with respect to the conditions of his confinement,

11

he fails to state a claim upon which relief may be granted. It is well-settled that negligent conduct does not rise to the level of a constitutional violation under § 1983. *See Collins v. City of Harker Hghts.*, 503 U.S. 115 (1992); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner...."); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) (negligent failure to provide kosher meal fails to state a claim under § 1983). Any claims of mere negligence must therefore be dismissed.

Tenth, Plaintiff's complaint against the defendants must also be dismissed in part on the basis of immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its

12

agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants include the MDOC, MDOC employees, and state personnel and those defendants are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

Lastly, the Court finds that Plaintiff's claims against the remaining defendants concerning the alleged lack of proper medical care and accommodation, including those claims based upon MDOC and prison policies and customs, the alleged exposure to allergenic foods (carrots) and lack of sufficient food and water, discrimination based upon disability, alleged assaults by fellow inmates and a corrections officer, and alleged retaliation for the filing of complaints and grievances are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state such potential claims for relief.

IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims based upon supervisory liability, the denial of his grievances or complaints, the failure to act under the PREA, verbal harassment, food tampering, the destruction/falsification of medical records, his access to the courts, criminal statutes, conspiracy, and negligence. Accordingly, the Court **DISMISSES** those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). As a result of this dismissal, the following defendants, Catherine, Cox, Keshia, Patton, McQueen, Summers, Schafer, Bioty, Barbour, Hitt, Cargor, Malloy, and Crisenberry, no longer have any claims pending against them and are **DISMISSED** from this action.

The Court further concludes that the defendants, the MDOC and its employees, are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** Plaintiff's claims for monetary damages against the defendants in their official capacities.

Additionally, the Court concludes that Plaintiff's claims against the remaining defendants concerning the alleged lack of proper medical care and accommodation, including those claims based upon prison policies and customs, the claims concerning his exposure to allergenic foods (carrots) and his access to sufficient food and water, the claims of discrimination based upon disability, the claims involving assaults by

fellow prisoners and a corrections officer, and the claims concerning alleged retaliation for the filing of complaints and grievances survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: October 18, 2019

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge