UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN ANTONIO SOLOMON**, Plaintiff, vs. **MICHIGAN DEPARTMENT OF CORRECTIONS et al.**, Defendants. | 2:19-CV-12354-TGB <br><br> **OPINION AND ORDER DISMISSING PLAINTIFF'S SUPPLEMENTAL COMPLAINT** |

## I. Introduction

Michigan prisoner Martin Antonio Solomon, currently confined in the Charles Egeler Reception and Guidance Center Annex, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"). ECF No. 1. The Court has issued an Opinion and Order of Partial Dismissal related to that complaint, wherein some of Plaintiff's claims and defendants were dismissed, but others remained. *See* ECF No. 31. However, Solomon has more recently filed a "supplemental complaint," exhibits to the "supplemental complaint," and a memorandum of law in support of the "supplemental complaint" consisting of more than 800

1

pages of hand-written allegations, grievance forms, and other exhibits. *See* ECF Nos. 26-28. His claims appear to involve allegations of perjury, conspiracy, failure to treat medical conditions, assault, as well as apparent challenges to his underlying criminal conviction. Plaintiff names 42 defendants in this supplemental complaint, including the Detroit Receiving Hospital, Correct Care Solution, and medical professionals, among others.

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard

does not require "detailed" factual allegations but does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2209). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

As noted, Plaintiff's "supplemental complaint," exhibits and memorandum of law in support consist of more than 800 pages of hand-written allegations, grievance forms, transcripts, and other documents. *See* ECF Nos. 26-28. The "supplemental complaint" alone is 320 pages of hand-written allegations. ECF No. 26. Federal Rule of Civil Procedure 8(a), however, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint violates Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing

"rambling" 119-page complaint); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting magistrate judge's report and dismissing prisoner civil rights complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merchant Svs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages"); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").

Plaintiff's supplemental complaint fails to comply with Rule 8(a). The supplemental complaint involves a myriad of claims, dates, and factual allegations against the defendants which are difficult to follow. And Plaintiff has not submitted a clear and concise statement of factual allegations of unconstitutional conduct against each of the defendants.

Due to the voluminous and rambling nature of the supplemental complaint, the Court cannot readily ascertain the factual specifics for each of Plaintiff's claims or the appropriate defendant/defendants for them. Even a cursory review of the supplemental complaint and its attachments is daunting. Neither the Court nor the defendants should be required to sift through 800 pages of materials to discern the who, what, and where of Plaintiff's claims and his bases for relief as to each of the defendants. Consequently, Plaintiff's "supplemental complaint" must be dismissed for failing to comply with Rule 8(a).[1] Any similar supplemental complaints or pleadings filed by Plaintiff will be stricken from the record by text-only order.

### III. Conclusion

For the reasons stated, the Court **DISMISSES** Plaintiff's "supplemental complaint," ECF No. 26. The Court additionally concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Pursuant to the Court's prior Opinion and Order of Partial Summary Dismissal, ECF No. 31, only some of Plaintiff's claims and defendants in his initial complaint, ECF No. 1, remain.

---

[1] The Court notes that some claims and/or defendants may also be mis-joined in this action given the varying nature of Plaintiff's claims and number of defendants. *See* Fed. R. Civ. P. 18(a), 20(a)(2), 21.

5

**IT IS SO ORDERED.**

Dated: October 18, 2019

                            BY THE COURT:

                            /s/Terrence G. Berg
                            TERRENCE G. BERG
                            United States District Judge