UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

        Plaintiff,                                    No. 19-12354

v.                                              District Judge Terrence G. Berg
                                                     Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

On August 8, 2019, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. Before the Court is his motion for default judgment [ECF No. 63], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTS**

Plaintiff filed his complaint on August 8, 2019 [ECF No. 1], and since that time has filed numerous "supplemental complaints" [ECF Nos. 16, 26, 35, 42, 44, 45, 47, 49, 52, 53, 58, 61, 73, 74, 79, 82, 84].[1] On August 30, 2019, he was granted leave to proceed

---

[1] On October 18, 2019, the Court issued an opinion and order [ECF No. 31] dismissing in part his original complaint [ECF No. 1]. On the same date, the Court entered a second opinion and order [ECF No. 32] dismissing Plaintiff's supplemental complaint [ECF No. 26]. The supplemental complaint [ECF No. 26] was dismissed under Fed.R.civ.P. 8(a), with the Court noting the impossibility of sifting "through 800 pages of materials to discern the who, what, and where of Plaintiff's claims and his bases for releief as to each of the defendants." ECF No. 32, PageID.1351. The Court added that

*in forma pauperis*, without pre-payment of the filing fee [ECF No. 12]. On October 21, 2019, the Court entered a deficiency order directing Plaintiff to file 24 additional copies of his complaint and attachments for service on the Defendants [ECF No. 36]. On November 6, 2019, pretrial matters were referred to me [ECF No. 51]. Plaintiff corrected the deficiency on November 12, 2019.

To date, no Defendant has been served.[2]

## II.   STANDARD OF REVIEW

In order for a Plaintiff to obtain a judgment by default, he or she must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp*., 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc*., 392 F.Supp. 944, 950 (N.D. Ind. 1975) ). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys.,* Inc., 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting

---

"[a]ny similar supplemental complaints or pleadings filed by Plaintiff will be stricken from the record by text-only order." *Id*.

[2] I will address the issue of service by separate order, but to do so I must first determine determine which of the Plaintiff's numerous "supplemental complaints," which name different Defendants and bring different claims, is the operative pleading, and must then determine if any are in compliance with Rule 8(a) or are dismissible under the Court's previous order [ECF No. 32]. Further complicating the issue is the fact that service by the U.S. Marshal has been adversely affected due to the COVID pandemic and the closure of the Detroit federal courthouse.

*Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985) ) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

### III.   DISCUSSION

First, and most obviously, you don't get a default judgment against a Defendant who has not been served. But in any event, there has been no Clerk's entry of default under Rule 55(a).[3] This is fatal to Plaintiff's request for a default judgment under Rule 55(b)(2).

### IV.   CONCLUSION

I recommend that Plaintiff's motion for default judgment [ECF No. 63] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[3] Plaintiff's two requests for Clerk's entry of default [ECF Nos. 68 and 76] were denied [ECF Nos. 69 and 77].

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

    Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
United States Magistrate Judge

Dated: August 7, 2020

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on August 7, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager