UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN ANTONIO SOLOMON,<br><br>    Plaintiff,<br><br>v.<br><br>MICHIGAN DEPT. OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 19-12354<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

**I.   Introduction**

Plaintiff Martin Antonio Solomon, a prisoner proceeding pro se and in forma pauperis, sues various Michigan Department of Corrections (MDOC) employees under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131.  ECF No. 1.  The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 108.

Solomon failed to adhere to this Court's order to file a "short and plain" amended complaint that complies with Federal Rule of Civil

Procedure 8. ECF No. 109. Thus, the Court recommends that Solomon's complaint should be dismissed.

## II. Background

Solomon sues the MDOC, several corrections officers, prison nurses and other medical care providers, a health unit inspector, a state administrative manager, a health unit manager, a grievance coordinator, the warden, a deputy warden, an assistant deputy warden, and unidentified MDOC policy directors in their individual and official capacities. ECF No. 1.

In October 2019, the Court dismissed in part Solomon's original complaint for failing to state claims. ECF No. 31. Remaining were Solomon's claims "concerning the alleged lack of proper medical care and accommodation…the claims of discrimination based up on disability, the claims involving assaults by fellow prisoners and a corrections officer, and the claims concerning alleged retaliation for the filing of complaints and grievances." *Id.*, PageID.1346. Solomon also filed a "supplemental complaint," an appendix, and a supporting memorandum of law that consisted of more than 800 pages of hand-written allegations and exhibits. ECF No. 26; ECF No. 27; ECF No. 28. The Court dismissed the documents for violating Rule 8(a) and found that the supplemental filings contained "a myriad of claims, dates, and factual allegations against the

defendants which are difficult to follow." ECF No. 32, PageID.1350. Thus, the "supplemental complaint" violated Rule 8(a), and the Court dismissed it, warning that "[a]ny similar supplemental complaints or pleadings filed by Plaintiff will be stricken from the record by text-only order." *Id.*, PageID.1351.

After the Court's October 2019 order, Solomon filed many "supplemental" and "verified" complaints. ECF Nos. 35, 42, 44, 45, 47, 49, 52, 53, 58, 61, 73, 74, 79, 82, 84. Adding new defendants, exhibits, and declarations, those filings were "voluminous and rambling" like the "supplemental complaint" that this Court dismissed. ECF No. 32, PageID.1351. Solomon also violated Federal Rule of Civil Procedure 15(a)(2) by failing to move for leave to amend or supplement his complaint, and he violated Rule 15.1 by failing to file a complete amended pleading. Thus, in April 2022, this Court struck Solomon's "supplemental" and "verified" complaints and ordered Solomon "to file a single amended complaint that is short and plain and is **no more than 35 pages** by **May 18, 2022**." ECF No. 109, PageID.2167 (emphasis in original). The Court drew Solomon's attention to Rules 10(b) and 20(a)(2) and further warned him that it "**will recommend that his complaint be dismissed with prejudice**

3

**if he fails to file an amended complaint that complies with Rule 8.**" *Id.*, PageID.2168 (emphasis in original).

Solomon nothing after the April 2022 order. His complaint should be dismissed with prejudice.

### III.     Analysis

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

> What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading. What Rule 8 proscribes is obfuscation of the plaintiff's claims. The district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue. So, while excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal. . . . The key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.

*Kensu v. Corizon, Inc.*, d, 651 (6th Cir. 2021) (internal citation and quotation marks omitted).

In *Kensu*, the district court had twice informed the plaintiff that his complaint was "too long and unclear," and it gave him one last chance to amend it. *Id.* at 648. After the plaintiff failed to heed the warning and filed an even longer complaint, the court dismissed the complaint with prejudice.

4

*Id.* The Sixth Circuit found that the district court had "accurately explained why Mr. Kensu's pleading would cause both the court and the defendants undue difficulty in determining the claims and allegations actually at issue in this litigation," in violation of Rule 8. *Id*. at 651. And though a court should not immediately dismiss a complaint with prejudice because of a Rule 8 violation, it need not have "infinite patience." *Id*. at 653. The "harsh sanction of dismissal is appropriate" when "a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance"; when "the plaintiff's amended complaint indicates a basic inability or unwillingness to comply with the district court's orders"; and "[a]ll the more if the district court warns the plaintiff that a failure to comply will result in dismissal." *Id*.

Solomon's original 132-page complaint included large, block-text recitations of prison grievances and alleged false rejections of them, voluminous recitations of "attempted murder" counts, and rambling and disorganized allegations about over twenty individual defendants. ECF No. 1. Like *Kensu*, the Court has twice stricken Solomon's verbose filings and given him opportunities to submit an amended complaint that complies with the rules. *See* ECF No. 32; ECF No. 109. But Solomon failed to heed the warning and never responded to the Court's order.

The Court need not have "infinite patience" after it "offered multiple opportunities to fix the complaint and [Solomon] has persisted in noncompliance." *Kensu*, 5 F.4th at 653.  Solomon's voluminous amended complaints and supplemental filings—and his failure to follow the Court's order to file a proper amended complaint—show an "unwillingness to comply with the district court's orders." *Id.*  And the Court warned Solomon that his complaint would be dismissed without prejudice if he failed to file an amended complaint that complied with the rules.  *See id.*; ECF No. 109, PageID.2168.  Thus, the court recommends that the complaint be dismissed with prejudice.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 29, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2022.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager